UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SANTANDER BANK, N.A. *Plaintiff*, | ) ) ) ) |
| v. | ) ) Civil Action No. |
| M.L.J., LLC and JOHN W. CUTTER, JR., *Defendants*. | ) ) ) ) ) |

# COMPLAINT

## Parties

1. The Plaintiff Santander Bank, N.A. f/k/a Sovereign Bank, N.A. f/k/a Sovereign Bank, (the "Bank" or the "Plaintiff") is a national bank with its principal place of business at 824 North Market Street, Suite 100, Wilmington, New Castle County, Delaware 19801.

2. The Defendant M.L.J., LLC ("MLJ") is a Massachusetts limited liability company with a principal place of business at 520 Main Street, Suite 2, Wilmington, MA 01887

3. The Defendant John W. Cutter, Jr. ("Cutter") is an individual residing at 113 Robin Hill Road, Chelmsford, MA 01824.

## Jurisdiction and Venue

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. The parties are citizens of different states and the amount in controversy exceeds $75,000.

5. Venue in the District of Massachusetts is proper pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in Massachusetts and the property involved in the transactions at issue is situated in Massachusetts.

**Facts**

**A. The Loan**

6. On or about June 28, 2013, MLJ executed a Term Promissory Note in favor of the Bank in the original principal amount of $800,000.00 (the "Note"). A true and accurate copy of the Note is annexed hereto as Exhibit "A."

7. On or about June 28, 2013, MLJ and the Bank executed a Loan Agreement (the "Loan Agreement") setting forth the terms and conditions governing the relationship between the parties. A true and accurate copy of the Loan Agreement is annexed hereto as Exhibit "B."

8. On or about June 28, 2013 MLJ executed a Commercial Mortgage, Security Agreement and Assignment of Rents (the "Mortgage") as security for the obligations of MLJ to the Bank. A true and accurate copy of Mortgage is annexed hereto as Exhibit "C."

9. On or about June 28, 2013, MLJ also executed an Environmental Reserve Account Agreement (the "Environmental Reserve Agreement"), a true and accurate copy of which is annexed hereto as Exhibit "D."

10. On or about June 28, 2013, MLJ also executed an Environmental Compliance Indemnity Agreement (the "Environmental Indemnity Agreement"), a true and accurate copy of which is annexed hereto as Exhibit "E."

11. In connection with the transaction, also on or about June 28, 2013, the Defendant Cutter executed a guaranty of all amounts owed by MLJ to the Bank (the "Guaranty"). A true and accurate copy of the Guaranty is annexed hereto as Exhibit "F."

**B. The Default**

12. The Environmental Reserve Agreement provides in relevant part that:

> [MLJ] shall, at its own cost and expense, and within a reasonable timeframe after the closing of the Loan . . . undertake the performance and completion of the Environmental Efforts in accordance with this Agreement applicable Environmental Laws. [MLJ] shall complete the Environmental Efforts on or before December 31, 2013.

13. "Environmental Efforts" are defined in the Environmental Reserve Agreement as:

    > all investigation and remediation activities required to be completed in accordance with the Remedial Work Plan and/or to address Environmental Contamination subsequently discovered by [MLJ] during the performance of such investigation and/or remediation activities.

14. Finally, the Environmental Reserve Agreement provides:

    > Any default by [MLJ] under this Agreement shall constitute a default under the Loan Agreement and the other Loan Documents, and any default under the Loan Documents shall constitute a default under this Agreement, in which case, in either event, the Bank may exercise any all rights and remedies available to it under this Agreement and the other Loan Documents, at and law and equity, including, without limitation, the right to apply the Reserve Funds to the outstanding obligations under the Loan Documents in its sole and absolute discretion.

15. MLJ defaulted under the terms of the Environmental Reserve Agreement in that it failed to complete the required "Environmental Efforts" on or before December 31, 2013.

16. As a result, on or about March 19, 2014 declared the loan to MLJ to be in default. A true and accurate copy of the Bank's demand letter is attached hereto as Exhibit "G."

17. As of March 17, 2014, amount outstanding under the Note and other Loan Documents is as follows:

    | | |
    |---|---|
    | Principal: | $784,517.73 |
    | Interest: | $1,804.17 |
    | **Total** | **$786,321.90** |

    Interest continues to accrue on the amount owed at the rate of $106.12782 per diem. In addition the Defendants are liable for the Bank's costs and attorneys' fees.

18. Despite demand, the Defendants have neglected, failed and refused to repay the Bank the

amounts owed.

## Count I
### Action on Account of Promissory Note, Guaranty

19. The Bank repeats and realleges its allegations in the previous paragraphs of the complaint, as if fully restated herein.

20. MLJ and Cutter are jointly and severally indebted to the Bank in the amount of all sums due and owing under the loan documents they executed and guarantied.

WHEREFORE the Plaintiff Santander Bank N.A. prays for the entry of judgment against the Defendants MLJ, LLC and Brian J. Cutter, jointly and severally, in the amount of all sums remaining due and owing on account of the promissory note, guaranty and other loan documents they executed, plus continuing interest, costs and attorneys' fees.

Dated: March 19, 2014

Respectfully submitted,
SANTANDER BANK, N.A.,
By its attorneys,

 /s/ Lauren A. Solar
Richard E. Gentilli, BBO # 189080
Howard M. Brown, BBO # 547948
Lauren A. Solar, BBO # 657289
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110
Tel. (617) 422-0200
Fax (617) 422-0383
reg@bostonbusinesslaw.com
hmb@bostonbusinesslaw.com
las@bostonbusinesslaw.com